COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


ENEIDA S. QUINTEROS
                                        MEMORANDUM OPINION*
v.    Record No. 2435-00-4                  PER CURIAM
                                          FEBRUARY 6, 2001
ABSOLUTE NURSING CARE OF VIRGINIA, INC. AND
 AIU INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Eneida S. Quinteros, pro se, on brief).

              (Mary Beth Nash; Monica L. Taylor; Gentry
              Locke Rakes & Moore, on brief), for
              appellees.


     Eneida S. Quinteros (claimant) contends that the Workers'

Compensation Commission erred in finding that she failed to

prove that either she sustained a back injury at the time of her

compensable October 23, 1997 left knee injury or that her back

condition was a compensable consequence of her left knee injury.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

## Injury by Accident

In ruling that claimant failed to establish that she suffered an injury to her back on October 23, 1997, the commission found as follows:

> While we are cognizant of the claimant's testimony that she began to feel pain in her back one to one and one-half weeks after the accident and so reported this to Dr. [Edward] Alexander, we find nothing in his medical reports referring to any back problem until February 12, 1998, some four months after the accident. In his February 15, 1999, letter, Dr. Alexander confirmed no direct connection between the claimant's back pain and injury. In addition, we note the claimant, who was represented by counsel, neither in her initial claim nor in the Memorandum of Agreement noted any injury other than to her left knee. In view of this evidence and the fact that the claimant apparently underwent prior back surgery, we

-

cannot find that she established an injury
by accident to her back on October 23, 1997.

In light of the lack of any history of a back injury until
February 1998 and Dr. Alexander's opinion that there is no
causal connection between claimant's compensable knee injury and
her back condition, the commission, as fact finder, was entitled
to reject claimant's hearing testimony and to conclude that she
failed to establish a causal connection between her back
condition and her compensable knee injury.

Based upon this record, we cannot find as a matter of law
that claimant's evidence sustained her burden of proof.

### Compensable Consequence

In ruling that the evidence failed to establish that
claimant's back problem was the result of a compensable
consequence from her left knee injury, the commission accepted
the February 15, 1999 opinion of Dr. Alexander.  On that date,
Dr. Alexander opined as follows:

> Theoretically one could possibly make a
> tenuous connection between the development
> of a limp and the development of an L5
> radiculopathy which showed up on the EMG but
> this as mentioned would be quite tenuous.  I
> can see no direct connection between the
> incident of her injury and what we see now,
> though there is no doubt that she has a real
> problem.

As fact finder, the commission was entitled to accept Dr.
Alexander's February 15, 1999 unequivocal opinion, and to give
little probative weight to his earlier response to a request

-

from claimant and his May 7, 1998 statement.  In addition, the commission was entitled to accept Dr. Alexander's opinion and to reject the contrary September 30, 1998 opinion of Dr. Neil Speigel.  Dr. Speigel opined that claimant had developed back and leg pain because of the abnormality with her foot drop and chronic pain.  The commission found Dr. Speigel's opinion to be vague and inconsistent with the medical records, which reflected that claimant experienced back pain before the foot drop. "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Based upon Dr. Alexander's February 15, 1999 opinion and the record taken as a whole, we cannot find as a matter of law that claimant's evidence sustained her burden of proving that her back condition was a compensable consequence of her left knee injury.

For these reasons, we affirm the commission's decision.[1]

Affirmed.

---

[1] Appellees have filed a motion to redact appendix filed by appellant.  We deny the motion.

-